## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

Peter D'Amelio

v.                                    Civil No. 08-cv-518-JD

New Hampshire Attorney General, et al.[1]

### REPORT AND RECOMMENDATION

Petitioner Peter D'Amelio has filed a petition for a writ of habeas corpus and supporting documents, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction and confinement (document no. 1).  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule") (requiring initial review to determine whether the petition is facially valid).  For the reasons stated

---

[1]Named as respondents are the following individuals: Kelly A. Ayotte, New Hampshire Attorney General; Larry Blaisdell, Warden of the Northern New Hampshire Correctional Facility ("NCF"); Richard M. Gerry, Warden of the New Hampshire State Prison ("NHSP"); John Eckert, Executive Assistant of the New Hampshire Adult Parole Board ("Parole Board"); George J. Khoury, Chair of the Parole Board; and Parole Board members Alan Coburn, Megan C. DeVorsey, Robert F. Hamel, George L. Iverson, Donald LaRoche, and Pierre J. Morin.  As petitioner is in alternate custody at the NHSP and NCF, I construe the respondents to be the wardens of those facilities.  See Habeas Rule 2 (where petitioner is in custody pursuant to a state judgment, the state officer having custody of the petitioner shall be named as respondent).

below, I recommend that the petition be dismissed for failure to state a claim upon which federal habeas relief may be granted.

## Background

D'Amelio is a New Hampshire state prisoner who claims to be alternately confined at the NHSP and the NCF.  On September 23, 2004, the Parole Board paroled him and classified him as an intensive supervision parolee ("ISP").  At that time, D'Amelio signed a Certificate of Parole, indicating that he understood and agreed to abide by certain general and specific conditions of parole.  As an ISP, D'Amelio was considered a high risk offender and was required, among other conditions, to meet with his parole officer at least four times a month, to obey an 8:00 p.m. curfew and to refrain from using drugs and alcohol.

During a regularly scheduled visit with his parole officer, Mark O'Donoghue, on October 26, 2004, D'Amelio confided that he had used marijuana.  Rather than arrest D'Amelio for his admitted parole violation, O'Donoghue referred him to a substance abuse counselor.  On November 23, 2004, O'Donoghue and another state parole officer visited D'Amelio's apartment for a routine home visit to determine whether D'Amelio and other parolees living at the residence were complying with the terms of their parole.

2

After knocking, the officers were permitted to enter the apartment.  O'Donoghue picked up a cup of water that was on a table and noticed three pills underneath the cup along with a cigar that appeared to contain marijuana leaves.  Upon finding the contraband under the cup, the officer placed D'Amelio in handcuffs and took him into custody.

The officers allegedly conducted the search pursuant to Paragraph 401.02(b)(9) of the New Hampshire Code of Administrative Rules, which provides that a parolee shall:

> [p]ermit[] the parole officer to visit parolee's residence at any time for the purpose of examination and inspection in the enforcement of the conditions of parole and submit to searches of his person, property, and possessions as requested by the parole officer; . . .

N.H. Code Admin. R. Par 401.02(b)(9).  Subsequently, D'Amelio was charged with three counts of possession of a controlled drug with intent to distribute.

On July 8, 2005, D'Amelio filed a motion to suppress with the New Hampshire Superior Court (Hillsborough County) in which he moved to suppress all evidence seized pursuant to the illegal search of his residence on November 23, 2004.  In addition, he asserted that the parole search was not supported by reasonable suspicion that he had been involved in any illegal activity, in

3

violation of his federally protected rights under the Fourth and
Fourteenth Amendments.  On October 4, 2005, D'Amelio filed a
motion to dismiss with the superior court in which he moved to
dismiss the action against him on all counts "based on the
unconstitutionality of the provision relied upon by the State in
allowing the parole search. . ."  Specifically, he asserted that
the parole search was conducted pursuant to N.H. Code Admin. R.
Par 401.02(b)(9), which was facially unconstitutional.  He
further asserted that on January 30, 2004, the New Hampshire
Attorney General advised the United States District Court for the
District of New Hampshire that the Parole Board intended to
commence the administrative rule making process to amend N.H.
Code Admin. R. Par 401.02(b)(9) in accordance with <u>Anderson v.
Peterson</u>, 2003 WL 23100320 (D.N.H. Dec. 31, 2003).[2]  The superior
court denied D'Amelio's motion to suppress and motion to dismiss;
the court further denied his subsequent motion for

---

[2]In <u>Anderson</u>, the plaintiff filed a civil rights action,
pursuant to Section 1983, seeking damages for Fourth Amendment
violations arising from a parole search of his residence.  The
plaintiff also sought a declaration that the regulation under
which the search was conducted, N.H. Code Admin. R. Par
401.02(b)(9), was unconstitutional.  <u>Id.</u> at *6.  The court noted
that N.H. Code Admin. R. 401.02(b)(9) broadly requires a parolee
"to submit to searches of his person, property, and possessions
as requested by the parole officer" and held that the rule, as
written, was unconstitutionally overbroad on its face.  <u>Id.</u>

reconsideration and motion for permission to file an interlocutory appeal.

Following a stipulated facts trial, D'Amelio was convicted of two counts of possession of a controlled substance with intent to distribute.  Subsequently, he filed an appeal with the New Hampshire Supreme Court ("NHSC") in which he raised the following claims:

> (1) the State's search of D'Amelio's residence, conducted pursuant to N.H. Code Admin. R. Par 401.02(b)(9), violated his federally protected rights under the Fourth and Fourteenth Amendments; and
>
> (2) the trial court erred in denying D'Amelio's motion to suppress and motion to dismiss where the search of his residence: (a) was conducted pursuant to the State's admittedly facially unconstitutional administrative rule, N.H. Code Admin. R. Par 401.02(b)(9); (b) was not supported by reasonable suspicion; and (c) where the New Hampshire Attorney General previously advised the United States District Court for the District of New Hampshire that it had initiated the administrative rule making process to add a "reasonable suspicion" requirement to remedy the Parole Board's unconstitutional rule.  See Anderson, 2003 WL 23100320 (D.N.H. Dec. 31, 2003).

On December 27, 2007, the NHSC affirmed D'Amelio's convictions and held:

> We agree with the thorough and well-reasoned decision of the superior court concluding that the search of the defendant's apartment was reasonable in time, place and frequency.  See State v. Zeta Chi Fraternity, 142 N.H. 16, cert. denied, 522 U.S. 995 (1997)  We therefore

affirm his convictions.

<u>State of New Hampshire v. Peter D'Amelio</u>, No. 2007–0025 (N.H. Dec. 27, 2007).

D'Amelio now brings the instant petition in which he raises the following two grounds for federal habeas corpus relief:

> (1) the search of D'Amelio's residence, conducted pursuant to N.H. Code Admin. R. Par 401.02(b)(9), was not supported by reasonable suspicion that he had violated the conditions of his parole and, therefore, was patently unreasonable and in violation of his Fourth Amendment rights (Ground One); and

> (2) the trial court committed reversible error "in not undertaking a separate federal constitutional analysis before denying [D'Amelio's] motions to suppress and dismiss" (Ground Two).

In the alternative, D'Amelio requests this court to conduct an evidentiary hearing to determine whether the search of his residence "would have been constitutionally proper had the New Hampshire Adult Parole Board amended the administrative rule and added a reasonable suspicion requirement . . ."

**Discussion**

I.   <u>Fourth Amendment Claim</u>

A.   Fourth Amendment Claim

Ground One of the petition asserts a federal habeas corpus claim based on an alleged violation of D'Amelio's Fourth

Amendment right to be free from unconstitutional searches and
seizures.[3]

It is well-settled that "where the State has provided an
opportunity for full and fair litigation of a Fourth Amendment
claim, a state prisoner may not be granted federal habeas corpus
relief on the ground that evidence obtained in an
unconstitutional search or seizure was introduced at his trial."
Stone v. Powell, 428 U.S. 465, 482, 494 (1976); accord Gandarilla
v. Artuz, 322 F.3d 182, 185 (2d Cir. 2003).  See also Vargas v.
Gunn, 67 F.3d 310 (9th Cir. 1995)(unpublished)(holding that
petitioner's Fourth Amendment claim challenging the validity and
scope of a parole search and the legality of his arrest was not
cognizable under federal habeas review).  "Stone thus stands for
the proposition that a federal habeas court ordinarily cannot
revisit a state court's disposition of a prisoner's Fourth
Amendment claims."  Sanna v. Dipaolo, 265 F.3d 1, 8 (1st Cir.
2001).  "[T]here is an exception for instances in which a habeas
petitioner had no realistic opportunity to litigate his Fourth
Amendment claim fully and fairly in the state system."  Id.

---

[3]I construe this claim to allege a violation under the
Fourth Amendment, as applied to the states through the Fourteenth
Amendment.

(citing <u>Palmigiano v. Houle</u>, 618 F.2d 877, 881–82 (1st Cir.
1980).  In such instances, the habeas petitioner "bears the
burden of proving that his case fits within the contours of the
exception."  <u>Id.</u>

Here, in Ground One of the petition, D'Amelio alleges that
the search of his residence, conducted pursuant to N.H. Code
Admin. R. Par 401.02(b)(9), was not supported by reasonable
suspicion and, therefore, was patently unreasonable and in
violation of his Fourth Amendment rights.  The record
demonstrates that he litigated this Fourth Amendment claim before
the New Hampshire state courts.  First, in his motion to
suppress, D'Amelio moved the superior court to suppress all
evidence seized pursuant to the illegal search of his residence
on November 23, 2004.  He asserted that the parole search was not
supported by reasonable suspicion indicating that he had been
involved in any illegal activity and, therefore, was conducted in
violation of his rights under the Fourth and Fourteenth
Amendments.  Second, in his motion to dismiss, D'Amelio moved the
superior court to dismiss the action against him on all counts.
He asserted that the parole search was conducted pursuant to N.H.
Code Admin. R. Par 401.02(b)(9), which was facially

unconstitutional.  Lastly, in his appeal to the NHSC, D'Amelio
again presented his Fourth Amendment claim.  He has not alleged
that he was denied an opportunity to litigate his Fourth
Amendment claim or that he was denied any state corrective
process.  Given that D'Amelio was afforded a full and fair
opportunity to litigate his Fourth Amendment claims, I conclude
that his claim is not reviewable in a federal habeas corpus
action.[4]  Accordingly, I recommend that Ground One of the
petition be dismissed.

     B.   State Law Claim

     Ground Two of the petition asserts a federal habeas corpus
claim arising from the trial court's alleged error "in not
undertaking a separate federal constitutional analysis" before
denying D'Amelio's motion to suppress and motion to dismiss.

     It is well-established that "[a] federal court may not issue
the writ on the basis of a perceived error of state law."  <u>Pulley</u>
<u>v. Harris</u>, 465 U.S. 37, 41 (1984).  In conducting habeas review,
a federal court is limited to deciding whether a conviction
violated the Constitution, laws or treaties of the United States.

---

    [4]D'Amelio is not precluded, however, from pursuing his
Fourth Amendment claim in a civil rights action under 42 U.S.C. §
1983.

See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (holding that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Thus, "[t]he only claims cognizable in a federal habeas corpus action are that a state conviction was obtained in violation of some right guaranteed by the United States Constitution or other federal law." Figueroa v. Commissioner of Corrections, 2009 WL 179792 at *7 (D. Conn. Jan. 26, 2009).

In Ground Two of the petition, D'Amelio alleges that the trial court committed reversible error "in not undertaking a separate federal constitutional analysis" before denying his motion to suppress and motion to dismiss.  He merely challenges the trial court's ruling and rationale and fails to allege, or even identify, a violation of a federal constitutional right. Because Ground Two of the petition raises an issue of state law and fails to identify a federal claim, I conclude that it is not cognizable on federal habeas review and therefore recommend that it be dismissed.

## Conclusion

For the reasons stated above, I recommend that the petition be dismissed for failure to state a claim upon which federal

habeas relief may be granted.

If this report and recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the petition.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


James R. Muirhead
United States Magistrate Judge

Date: April 8, 2009

cc:   H. Paul Carroll, Esq.

11